UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHARMACISTS MUTUAL INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>C&R PHARMACY, INC.,<br><br>Defendant(s). | Case No. 2:19-CV-350 JCM (BNW)<br><br>ORDER |

Presently before the court is plaintiff Pharmacists Mutual Insurance Company's ("PMIC") motion for summary judgment. (ECF No. 50). Defendant C&R Pharmacy, Inc. ("C&R") filed a response (ECF No. 53), to which PMIC replied (ECF No. 54).

**I.      Background**

The instant action arises from a dispute regarding insurance coverage as the result of underlying state-court litigation. (ECF Nos. 1; 47). PMIC issued five businessowners special policies to C&R, each of which had one-year policy periods. (ECF No. 47 at 5). In light of the national and widely-publicized opioid crisis, the City of North Las Vegas, the City of Las Vegas, the City of Henderson, and Clark County have brought suit against a variety of opiate manufacturers, distributors, and pharmacies. C&R is a named party in those actions.

PMIC filed the instant action seeking a declaration of its obligations under the C&R policies. (ECF No. 1). In particular, PMIC alleges that the policies do not cover the underlying opiate lawsuits. (ECF Nos. 1; 47). On December 19, 2019, the parties stipulated to allow PMIC leave to file a first amended complaint (ECF No. 45), which the court granted (ECF No. 46). PMIC filed its first amended complaint on January 7, 2020. (ECF No. 47).

**James C. Mahan**
**U.S. District Judge**

No party to this action filed a motion to dismiss the complaint or the amended complaint. Instead, PMIC now moves for summary judgment. (ECF No. 20).

**II.    Legal Standard**

*A.  Dismissal for lack of jurisdiction*

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

> Because subject matter jurisdiction goes to the power of the court to hear a case, it is a threshold issue and may be raised at any time and by any party. Fed. R. Civ. P. 12(b)(1). Additionally, the court may *sua sponte* raise the issue of lack of subject matter jurisdiction and *must* dismiss a case if no subject matter jurisdiction exists. Fed. R. Civ. P. 12(h). Thus, even if the question of subject matter jurisdiction is not fully adjudicated or addressed by the parties, "it is axiomatic that this court has a special obligation to satisfy itself of its own jurisdiction ..." *United States v. Touby,* 909 F.2d 759, 763 (3d Cir.1990) (internal citations and quotations omitted).

*Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952–53 (D. Nev. 2004)

B.  Motion for summary judgment

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

James C. Mahan
U.S. District Judge

- 3 -

party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

James C. Mahan
U.S. District Judge

- 4 -

### III. Discussion

The Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Associates v. Rickover,* 369 U.S. 111, 112, (1962). The Declaratory Judgment Act provides, in relevant part, as follows:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Thus, by the plain terms of the act, the court "must first inquire whether there is an actual case or controversy within its jurisdiction." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (citing *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994)).

"If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). "This determination is discretionary, for the Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory, authority.'" *Id.* (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (J. Reed, concurring)).

The court "must decide whether to exercise its jurisdiction by analyzing the factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), and its progeny." *Principal Life Ins. Co.*, 394 F.3d at 669. These factors include: (1) avoiding needless determination of state laws; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. *See, e.g., Principal Life Ins. Co.*, 394 F.3d at 672; *Gov't Employees Ins. Co.*, 133 F.3d at 1225; *Continental Casualty Co. v. Robsac Indus.*, 947 F.2d 1367, 1371–73 (9th Cir. 1991).

"When a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a presumption that the entire suit should be heard in state court." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991) (citing *Brillhart*, 316 U.S. at 495). This is particularly true when the only claim that the

James C. Mahan
U.S. District Judge

- 5 -

plaintiff brings is under the Declaratory Judgment Act. *See Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1167-68 (9th Cir. 1998) (per curiam). In such cases, the court has a compelling reason to let state courts resolve issues of state law. *See, e.g., Continental Casualty Co.*, 947 F.2d at 1371 ("Moreover, this case involves insurance law, an area that Congress has expressly left to the states through the McCarran-Ferguson Act. 15 U.S.C. §§ 1011–12 (1988).").

Here, PMIC has invoked diversity jurisdiction when filing the instant case. (ECF Nos. 1; 47). But diversity jurisdiction satisfies only the first prong of this court's analysis. The court must determine whether, after considering the *Brillhart* factors, it would be appropriate to entertain the instant action in light of the underlying state-court case. This inquiry is particularly necessary because "[w]here, as in the case before us, the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir." *Continental Casualty Co.*, 947 F.2d at 1371

First, the court notes that this case—like the case in *Continental Casualty Co.*—involves insurance law, "an area that Congress has expressly left to the states through the McCarran-Ferguson Act. 15 U.S.C. §§ 1011–12 (1988)." 947 F.2d at 1371. There is a parallel proceeding in state court: the underlying state-court opiate action that gave rise to the instant insurance-coverage dispute. PMIC obligations under the policy must be determined only because it is potentially liable to the defendants for attorney fees incurred in the underlying case. And, to be sure, the parties' arguments regarding summary judgment hinge on what type of relief is sought and could be awarded in the underlying opiate litigation. (*See generally* ECF Nos. 50; 53; 54). PMIC even contends that it is entitled to reimbursement of attorney's fees and costs incurred defendant C&R in the underlying litigation. (ECF No. 50 at 20–21).

Once again, *Continental Casualty Co.* is instructive. The Ninth Circuit in *Continental Casualty Co.* held as follows:

> Often an insurer has brought a declaratory judgment action in federal court against its insured in order to obtain a ruling as to its obligations in relation to a state court action by a third party against the insured. Although the insurer would have been unable to remove the state court action to federal court in most cases due to lack of complete diversity under 28 U.S.C. § 1441(b), there was diversity jurisdiction in the suit for declaratory relief because the insurer and insured were citizens of different states. the ripeness

**James C. Mahan
U.S. District Judge**

- 6 -

> requirement of Article III's "case or controversy" clause precludes the insurer's obtaining a declaratory judgment with respect to its *liability* to the insured in such cases because "the federal relief sought may hinge upon the outcome of state court actions."

*Id.* at 1371–72 (quoting *Ticor Title Ins. Co. of Cal. v. American Resources, Ltd.*, 859 F.2d 772, 777 n.7 (9th Cir. 1988)).  Thus, the Ninth Circuit concluded that "[a] declaratory judgment action by an insurance company against its insured during the pendency of a non-removable state court action presenting the same issues of state law is an archetype of what we have termed 'reactive' litigation." *Id.* at 1372.

As in *Continental Casualty Co*, PMIC filed this action seeking declaratory judgment on the basis of diversity—without asserting any other claims—when the underlying case could not have been removed.  Indeed, plaintiff specifically refers to four cases pending in state court: *Clark County v. Purdue Pharma et al.*, District Court, Clark County, Nevada, Case No. A-17-765828-C; *City of Henderson v. Purdue Pharma, L.P. et al.*, District Court, Clark County, Nevada, Case No. A-19-800695-B; *City of Las Vegas v. Purdue Pharma, L.P. et al.*, District Court of Clark County, Nevada, Case No. A-19-800697-B; and *City of North Las Vegas v. Purdue Pharma, L.P. et al.*, District Court of Clark County, Nevada, Case No. A-19-800699-B.  Indeed, this court remanded two of those cases back to the Eighth Judicial District Court.  *See City of N. Las Vegas v. Walgreens Boots All., Inc.*, No. 2:19-CV-2143-JCM-DJA, 2020 WL 109795 (D. Nev. Jan. 9, 2020); *City of Las Vegas v. Purdue Pharma, L.P.*, No. 2:19-CV-2128-JCM-DJA, 2020 WL 223614 (D. Nev. Jan. 15, 2020).

Although PMIC is not a party to the underlying case, a declaration of its obligations under the policy are best addressed by the state court that will determine liability for the underlying cases.  PMIC's tactical decision to litigate in a federal forum by filing the instant suit is necessarily "reactive" litigation.  Accordingly, dismissal is warranted because there is a presumption in favor of the state court resolving issues of state law.

In light of the foregoing, the court dismisses PMIC's complaint seeking declaratory relief *sua sponte*.

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

IV. **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the court declines to exercise jurisdiction over, and thus dismisses, PMIC's claims for declaratory relief.

IT IS FURTHER ORDERED that PMIC's motion for summary judgment (ECF No. 50) be, and the same hereby is, DENIED as moot.

The clerk is instructed to enter judgment and close the case accordingly.

DATED May 13, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**